IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                   Case Nos.:     4:07cr58/RH/CAS
                                                  4:16cv381/RH/CAS

CARLOS ANTONIO HUDSON,

    Defendant.

___

# REPORT AND RECOMMENDATION

Defendant Carlos Antonio Hudson has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 23). The Government requested a stay pending a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which was granted. (ECF Nos. 28, 29, 31). After the *Beckles* decision issued, the Government filed a response in opposition. (ECF No. 33). Defendant did not file a reply. After a review of the record, it is the opinion of the undersigned that the motion is untimely and should be dismissed.

## BACKGROUND and ANALYSIS

In October of 2007, Defendant pleaded guilty to conspiracy to distribute and to possession with intent to distribute cocaine and more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), (b)(1)(C) and 846. (ECF Nos. 14, 15). He was classified as a career offender in his Presentence Investigation Report ("PSR") because in addition to the felony controlled substance offense, he had at least two other prior felony convictions for a crime of violence: a 1996 Florida conviction for burglary of a dwelling with assault and throwing a deadly weapon into a building and a 1997 conviction for aggravated assault with a deadly weapon and attempted robbery with a firearm. (ECF No. 34, PSR ¶¶ 26, 31, 32). The PSR calculated a Guideline range of 188 to 235 months' imprisonment based on a total offense level of 31 and a criminal history category of VI. (ECF No. 34, PSR ¶ 51). On January 8, 2008, Defendant was sentenced to 188 months' imprisonment, followed by five years of supervised release. (ECF Nos. 20, 21). Defendant did not appeal and did not file a motion under § 2255 until filing the instant motion. Because Defendant did not appeal, his judgment of conviction became final on the date on which his time for doing so expired, fourteen days from the

entry of the judgment in this case. See Fed. R. App .P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); see *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Ramirez v. United States*, 146 F. App'x 325 (11th Cir. 2005). Defendant's judgment of conviction became final on January 22, 2008, and to have been timely filed, his § 2255 motion had to be filed no later than one year from that date, or by January 22, 2009. Therefore, his motion dated June 17, 2016, and received by the clerk on June 20, 2016, is facially untimely.[1]

Defendant argues that his motion is timely under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court ruled that the Armed Career Criminal Act's ("ACCA") "residual clause" was

---

[1] Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Defendant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

unconstitutionally vague. (ECF No. 23 at 11). Under the ACCA, a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [*known as the elements clause*] or (ii) is burglary, arson, or extortion, involves the use of explosives [*known as the enumerated offenses clause*] or otherwise involves conduct that presents a serious potential risk of physical injury to another [*known as the residual clause*]." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. After *Johnson*, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. The Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

Defendant acknowledges that he was sentenced as a career offender, not under the ACCA, but he believes that the reasoning in *Johnson* which invalidated the ACCA's residual clause on vagueness grounds should extend to and invalidate the residual clause of the Guidelines' definition of a "crime of violence." (ECF No. 23 at 14-15). *See* U.S.S.G. § 4B1.2(a). The Government argues correctly that Defendant's claim is foreclosed by the Supreme Court's recent decision in *Beckles*, in which the Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause because "they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." (ECF No. 33 at 4 (citing *Beckles*, 137 S. Ct. at 892)). The ACCA's residual clause, on the other hand, fixed in an impermissibly vague way a higher range of sentences for certain defendants which implicated "concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Beckles*, 137 S. Ct. at 894. Accordingly, as to the Guidelines' calculations, no due process challenge will lie. *See also United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015) (holding that *Johnson* does not apply

Case Nos.: 4:07cr58/RH/CAS; 4:16cv381/RH/CAS

to the advisory Sentencing Guidelines and that the Guidelines are not subject to a similar vagueness challenge).

## CONCLUSION

Because Defendant's conviction became final years ago and *Johnson* does not apply to his career offender sentence, his motion is untimely under § 2255(f)(1) and should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation

omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, (ECF No. 23), be **DENIED** to the extent he seeks relief based on the Supreme Court's decision in *Johnson* and otherwise **DISMISSED as untimely.**

2. A certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, this 13th day of September, 2017.

        S\ CHARLES A. STAMPELOS
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 4:07cr58/RH/CAS; 4:16cv381/RH/CAS

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:07cr58/RH/CAS; 4:16cv381/RH/CAS