# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                  Cases No.  4:07cr58/RH/CAS
                                              4:16cv381/RH/CAS

CARLOS ANTONIO HUDSON,

       Defendant.

_____/


## ORDER DENYING THE § 2255 MOTION AND
## DENYING A CERTIFICATE OF APPEALABILITY


The defendant Carlos Antonio Hudson pleaded guilty to drug offenses. As was unquestionably proper under the law of the circuit at the time, he was treated as a career offender under United States Sentencing Guidelines Manual § 4B1.1. His sentence was at the low end of the guideline range. He did not appeal.

Now before the court is Mr. Hudson's first motion for relief under 28 U.S.C. § 2255. He asserts that, under intervening decisions including *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is no longer a career offender. This order denies the 2255 motion.

# I

The magistrate judge entered a report and recommendation concluding that the motion should be denied. I accepted the report and recommendation and directed the clerk to enter judgment denying the motion. But it turned out that the Postal Service had not delivered Mr. Hudson's service copy of the report and recommendation. I vacated the order and judgment denying the motion and extended Mr. Hudson's deadline for filing objections. Mr. Hudson timely filed objections. I have reviewed de novo the issues raised by the objections.

This order again accepts the report and recommendation, adopts it as the court's opinion, and denies the 2255 motion, with the following additional explanation.

# II

Under Guidelines Manual § 4B1.1(a), a defendant is a career offender if, at the time of the offense of conviction, the defendant was age 18 or more, the offense of conviction is a crime of violence or controlled-substance offense, and the defendant had two or more prior felony convictions of a crime of violence or controlled-substance offense. As is undisputed, Mr. Hudson was over age 18, and the offense of conviction is a controlled-substance offense. The critical issue is whether two of Mr. Hudson's prior convictions were crimes of violence.

The Guidelines Manual's definition of "crime of violence" was nearly identical to the definition of a "violent felony" under the armed-career-criminal statute, 18 U.S.C. § 924(e). One part of the definition is known as the "residual clause." In *Johnson*, the Supreme Court held the 924(e) residual clause unconstitutionally vague. *Johnson* is retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

Mr. Hudson filed the 2255 motion nearly ten years after his conviction became final but within one year after *Welch*, so the motion is timely.

But the motion fails on the merits. The constitutional vagueness analysis that produced *Johnson* does not apply to the Guidelines Manual. This is the square holding of *Beckles v. United States*, 137 S. Ct. 886 (2017). The residual clause that applied to Mr. Hudson was not unconstitutional. This without more requires denial of Mr. Hudson's motion.

III

In his objections to the report and recommendation, Mr. Hudson says consideration of this case should be stayed pending the Supreme Court's review of *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted sub nom. Lynch v. Dimaya*, 137 S. Ct. 31 (2016). But *Dimaya* deals with a different issue: whether *Johnson* applies to a similar residual clause in an immigration statute. There is no

reason to believe the *Dimaya* decision will affect *Beckles*, which settled the issue of whether *Johnson* applies to the Guidelines Manual.

IV

The Sentencing Commission recently repealed the crime-of-violence definition's residual clause, thus bringing the definition back into tandem with the definition of a violent felony under § 924(e), whose residual clause was struck down in *Johnson*. But the Commission has not made the change retroactive.

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed," subject to specific exceptions. The only exception dealing with guideline amendments provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

*Id.* § 3582(c)(2) (emphasis added).

The "applicable policy statements issued by the Sentencing Commission," within the meaning of § 3582(c)(2), are set out in Guidelines Manual § 1B1.10. That section lists the amendments that may be applied retroactively—that is, the amendments under which a court may reduce a sentence that has already been imposed. The Commission has not added the amendment repealing the residual

clause to the list of retroactive amendments. A court thus may not reduce a

sentence based on that change.

V

Even if, contrary to *Beckles*, the Guidelines Manual's residual clause were

deemed unconstitutional, Mr. Hudson would still be a career offender. This is so

because even without considering the residual clause, Mr. Hudson had two prior

convictions that were and still are crimes of violence. This is an alternative basis

for denying relief.

The first qualifying prior conviction was burglary of a dwelling with assault

on November 22, 1994. *See* Presentence Report ¶ 31. The second was aggravated

assault with a deadly weapon and attempted armed robbery with a firearm on

February 10, 1997. *See* Presentence Report ¶ 32.

Mr. Hudson was sentenced in this federal case on January 3, 2008. At that

time the definition of a crime of violence had three parts: the enumerated-offense

clause, the element clause, and the residual clause. *See* U.S. Sentencing Guidelines

Manual § 4B1.2(a) (2007). Under the element clause, which is still in effect, an

offense is a crime of violence if it "has as an element the use, attempted use, or

threatened use of physical force against the person of another."

Aggravated assault was and plainly still is a crime of violence under this

provision. Indeed, any assault under Florida law is a crime of violence under this

provision. *See* Fla. Stat. § 784.011(1) (defining assault as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent").

An element of burglary with assault is an assault, so this offense, too, is a crime of violence. But the analysis that leads to this conclusion is not as direct. The statute prohibiting burglary with assault, Florida Statutes § 810.02(2)(a), also applies to burglary with battery. Battery is not always a crime of violence. To determine whether a defendant was convicted of committing an assault during a burglary, on the one hand, or only a battery during a burglary, on the other hand, a court may look to proper documentation. Proper documentation, for this purpose, means a limited class of documents from which the sentencing court can determine what crime, with what elements, a defendant was actually convicted of. *See Shepard v. United States*, 544 U.S. 13, 26 (2005). These are sometimes referred to as "*Shepard*-approved documents."

The charging document—in a Florida state-court case, this usually means an information—is a *Shepard*-approved document. So is the judgment of conviction. The charging document and judgment from Mr. Hudson's burglary-with-assault conviction are not in this federal record, but the presentence report indicates that Mr. Hudson was convicted of burglary with assault, not burglary with battery. Mr.

Hudson did not object at the time and still has not asserted that this is incorrect. In compiling the presentence report, the probation officer almost surely took this information from the judgment.

The bottom line is that Mr. Hudson had two prior convictions that were at the time of sentencing and still are crimes of violence. He is a career offender under Guidelines Manual § 4B1.1(a), even without regard to the residual clause.

Finally, a word about a possible source of confusion. Burglary standing alone—without an assault—was a crime of violence under the residual clause at the time of sentencing but is no longer a crime of violence. But this makes no difference. Mr. Hudson was not convicted of burglary standing alone; he was convicted of burglary with assault. As set out above, this is a crime of violence under the element clause, which remains in effect.

## VI

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v.*

*Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a

§ 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to

obtain a certificate of appealability when dismissal is based on procedural grounds,

a petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a

certificate of appealability.

## VII

For these reasons,

IT IS ORDERED:

1. The defendant's motion for relief under 28 U.S.C. § 2255, ECF No. 23, is

denied.

2. The clerk must enter judgment.

3. A certificate of appealability is denied.

SO ORDERED on February 7, 2018.

s/Robert L. Hinkle
United States District Judge